UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 15-cv-02633 (JSR)
ECF CASE

ANASTASIOS P. BELESIS, and
JOSEPH LOUIS CASTELLANO,

    Plaintiffs,

v.

MATTHEW LOWERY,
    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR VACATUR

Defendant, MATTHEW LOWERY, by and through undersigned counsel, hereby files his Answer and Affirmative Defenses to the Complaint for Vacatur brought against him by Plaintiffs, ANASTASIOS P. BELESIS and JOSEPH LOUIS CASTELLANO, and states as follows:

## NATURE OF THE ACTION

1.    The "allegations" contained in Paragraph 1 of the Complaint do not require a response, as the paragraph merely sets forth the relief Plaintiffs seek in this action as well as their argument in favor thereof; however, to the extent Plaintiffs *purport* to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated—specifically denying that the Arbitrators completely disregarded Georgia's Code Ann., New York Law, and Federal Laws; the Arbitrators exceeded their powers and/or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made; and that there were no claims available to the Defendant against Belesis or Castellano in their individual capacity. Defendant refers to the Court all questions or conclusions of law contained therein.

2. The "allegations" contained in Paragraph 2 of the Complaint do not require a response, as the paragraph merely sets forth the relief Plaintiffs seek in this action as well as their argument in favor thereof; however, to the extent Plaintiffs *purport* to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

3. The "allegations" contained in Paragraph 3 of the Complaint do not require a response, as the paragraph merely sets forth the relief Plaintiffs seek in this action as well as their argument in favor thereof; however, to the extent Plaintiffs *purport* to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

## PARTIES

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## JURISDICTION AND VENUE

7. Defendant denies Paragraph 7 because the FAA does not give this Court jurisdiction.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint strictly and solely for venue purposes.

Case No.: 15-cv-02633 (JSR)
ECF Case

# FACTUAL ALLEGATIONS

**Background**

9. As to the allegations contained in Paragraph 9 of the Complaint, Defendant admits he is a citizen of Georgia and opened an account at JTF and David Page was the assigned accountant executive. As to the remaining allegations, Defendant states that the New Account Form speaks for itself. To the extent Plaintiffs have mischaracterized or misrepresented the factual content of the New Account Form and the inferences to be drawn therefrom, Defendant hereby denies any such mischaracterization and/or misrepresentation and inferences.

10. Number skipped by Plaintiffs.

11. As to the allegations contained in Paragraph 11, Defendant admits that neither the Arbitrators nor defendant-Claimant's attorney elicited direct testimony from Page before, during, or after the hearing. Defendant denies the remaining allegations.

12. As to the allegations contained in Paragraph 12, Defendant admits that the Arbitrators permitted the Arbitration to be telephonic, but deny the Arbitrators required it to be so. Defendant is without sufficient knowledge to admit or deny the allegation concerning the length of the hearing but denies all further allegations including the conclusions reached by the Plaintiffs.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

Case No.: 15-cv-02633 (JSR)
ECF Case

16. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

**The Arbitration**

21. As to the allegations contained in Paragraph 21 referencing the Statement of Claim, Defendant states that the Statement of claim speaks for itself. Defendant denies all other allegations. Defendant refers to the Court all questions or conclusions of law contained therein.

**The Hearing**

22. Defendant admits that the December 2, 2014 hearing went on as scheduled as alleged in Paragraph 22 of the Complaint. Defendant denies the remaining allegations.

23. Defendant admits that Belesis was the Chief Executive Officer of JTF, and Castellano was the Director of Compliance; Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

**The Award**

24. As to the allegations contained Paragraph 24 of the Complaint concerning the Award, Defendant states the Award speaks for itself. Defendant denies the remaining allegations.

**Misconduct By The Arbitrators[1]**

25. The "allegations" contained in Paragraph 25 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs *purport* to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

26. The "allegations" contained in Paragraph 26 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs *purport* to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint and refers to the Court all questions or conclusions of law contained therein.

**New York Requires Defendant-Claimant to put on a hearing even if the Plaintiff-Respondent does not testify.[2]**

28. The "allegations" contained in Paragraph 28 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

---

[1] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant that there was any misconduct by the Arbitrators. Defendant is merely using the heading to mirror the format of the Complaint.

[2] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what New York law requires and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

29. The "allegations" contained in Paragraph 29 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

30. The "allegations" contained in Paragraph 30 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint. Defendant refers to the Court all questions or conclusions of law contained therein.

32. The "allegations" contained in Paragraph 32 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' conclusion; however, to the extent Plaintiffs purport to assert any justifiable reasons to vacate the Award, Defendant denies that any such justifications are validly stated or exist. Defendant refers to the Court all questions or conclusions of law contained therein.

**Georgia Law Requires Defendant-Claimant to put on a hearing even if the Plaintiff-Respondent does not testify.[3]**

33. The "allegations" contained in Paragraph 33 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such

---

[3] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what Georgia law requires and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The "allegations" contained in Paragraph 35 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' conclusion; however, to the extent Plaintiffs purport to assert any justifiable reasons to vacate the Award, Defendant denies that any such justifications are validly stated or exist. Defendant refers to the Court all questions or conclusions of law contained therein.

**Arbitrators' Manifest Disregard for the George [sic] Law § 51-12-5.1 Requires The Punitive Damages To Be Vacated.[4]**

36. The "allegations" contained in Paragraph 36 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

37. The "allegations" contained in Paragraph 37 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

---

[4] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of that there was a manifest disregard for Georgia law by the Arbitrators and refers all questions or conclusions of law to the Court.  Defendant is merely using the heading to mirror the format of the Complaint.

**Under Georgia Law Punitive Damages Are Inappropriate in This Case[5]**

38. The "allegations" contained in Paragraph 38 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

39. The "allegations" contained in Paragraph 39 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

40. The "allegations" contained in Paragraph 40 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

41. Defendant denies the allegations in Paragraph 41 of the Complaint. Defendant refers to the Court all questions or conclusions of law contained therein. Plaintiffs have failed to submit any transcript.

---

[5] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what Georgia law requires and refers all questions or conclusions of law to the Court.   Defendant is merely using the heading to mirror the format of the Complaint.

42. The "allegations" contained in Paragraph 42 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

**Punitive Damages Are a Derivative Claim Under Georgia Law[6]**

43. The "allegations" contained in Paragraph 43 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

**Georgia Legislature Limited the Maximum Amount of Punitive Damages[7]**

44. The "allegations" contained in Paragraph 44 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

45. Defendant denies the allegations in Paragraph 45 of the Complaint. Defendant refers to the Court all questions or conclusions of law contained therein.

---

[6] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what Georgia law requires and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

[7] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what Georgia law requires and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

46. The "allegations" contained in Paragraph 46 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

**Federal Law[8]**

47. The "allegations" contained in Paragraph 47 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

48. The "allegations" contained in Paragraph 48 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

49. The "allegations" contained in Paragraph 49 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

---

[8] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what Federal law requires and refers all questions or conclusions of law to the Court.  Defendant is merely using the heading to mirror the format of the Complaint.

50. The "allegations" contained in Paragraph 50 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

**New York Law[9]**

51. The "allegations" contained in Paragraph 51 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

52. The "allegations" contained in Paragraph 52 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint. Defendant refers to the Court all questions or conclusions of law contained therein.

54. The "allegations" contained in Paragraph 54 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such

---

[9] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what New York law requires and refers all questions or conclusions of law to the Court.   Defendant is merely using the heading to mirror the format of the Complaint.

claims are validly stated. Defendant states that the Statement of Claim speaks for itself and refers to the Court all questions or conclusions of law contained therein.

**<u>No Direct and Control Person Liability[10]</u>**

55.     The "allegations" contained in Paragraph 55 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

56.     Defendant denies the allegations contained in Paragraph 56.  Defendant states the Statement of Claim speaks for itself.  Defendant refers to the Court all questions or conclusions of law contained therein.

57.     The "allegations" contained in Paragraph 57 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

58.     Respondent denies the allegations contained in Paragraph 58.  Defendant refers to the Court all questions or conclusions of law contained therein.

59.     The "allegations" contained in Paragraph 59 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such

---

[10] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant that there is no direct and control person liability and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

**<u>Respondeat Superior</u>**[11]

60.    The "allegations" contained in Paragraph 60 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

61.    The "allegations" contained in Paragraph 61 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

62.    The "allegations" contained in Paragraph 62 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' argument; however, to the extent Plaintiffs purport to assert any valid claims as noted therein, Defendant denies that any such claims are validly stated. Defendant refers to the Court all questions or conclusions of law contained therein.

---

[11] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant of what is required for *Respondeat Superior* and refers all questions or conclusions of law to the Court.   Defendant is merely using the heading to mirror the format of the Complaint.

**Arbitrators Display Bias Against Belesis and Castellano[12]**

63.  The "allegations" contained in Paragraph 63 of the Complaint do not require a response, as the paragraph merely sets forth Plaintiffs' conclusion; however, to the extent Plaintiffs purport to assert any justifiable reasons to vacate the Award, Defendant denies that any such justifications are validly stated or exist. Defendant refers to the Court all questions or conclusions of law contained therein.

64.  Defendant denies the allegations contained in Paragraph 64 of the Complaint. The Statement of Claim speaks for itself.

65.  Defendant denies the allegations contained in Paragraph 65 of the Complaint. The Statement of Claim speaks for itself. Defendant refers to the Court all questions or conclusions of law contained therein.

66.  Defendant denies the allegations contained in Paragraph 66. Defendant refers to the Court all questions or conclusions of law contained therein.

67.  Defendant denies the allegations contained in Paragraph 67. Defendant refers to the Court all questions or conclusions of law contained therein.

**As and For a First Cause of Action:**
**(Order to Vacate FINRA Arbitration Award)**

68.  Defendant re-asserts and re-alleges his responses to the allegations contained in the paragraphs above of the Complaint as if fully set forth herein.

69.  The allegations contained in Paragraph 69 of the Complaint are denied and refers to the Court all questions or conclusions of law contained therein.

---

[12] This heading is used by the Plaintiffs in the Complaint and is in no way an admission or indication by Defendant that there was any bias against Belesis and Castellano demonstrated by the Arbitrators and refers all questions or conclusions of law to the Court. Defendant is merely using the heading to mirror the format of the Complaint.

70.     The allegations contained in Paragraph 70 of the Complaint are denied and refers to the Court all questions or conclusions of law contained therein.

71.     The allegations contained in Paragraph 71 of the Complaint are denied and refers to the Court all questions or conclusions of law contained therein.

Any allegations contained in the Complaint not otherwise specifically admitted or responded to are hereby denied.

## **AFFIRMATIVE DEFENSES**

1.     As his First Affirmative Defense, Defendant states that the Complaint fails to state a valid cause of action against Defendant upon which relief can be granted.

2.     As his Second Affirmative Defense, Defendant states that process and service of process of Plaintiffs' Complaint were each deficient.

3.     As his Third Affirmative Defense, Defendant states that the applicable limitations period within which Plaintiff may file a Petition to Vacate has now expired.

4.     As his Fourth Affirmative Defense, Defendant states that Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

5.     As his Fifth Affirmative Defense, Defendant states that Plaintiffs' claims are barred by the doctrine of unclean hands.

6.     As his Sixth Affirmative Defense, Defendant specifically reserves the right to amend this Answer to incorporate facts not yet known to Defendant which may be discovered during the course of this litigation.

WHEREFORE, Defendant, MATTHEW LOWERY, respectfully requests that this Court deny Plaintiffs' Complaint to Vacate an Arbitral Award and grant Defendant such other and

further relief as to the Court seems just and appropriate, including, if warranted, costs and attorneys' fees.

          Respectfully submitted,

          **SILVER LAW GROUP**
          *Counsel for Defendant*
          14 Wall Street, 20th Floor
          New York, New York 10005
          Telephone:    (212) 618-1622
          Facsimile:     (954) 755-4684

          By:  */s/ Scott L. Silver*
                SCOTT L. SILVER
                New York Bar No. 2829968
                E-mail:  SSilver@silverlaw.com

Dated:  May 13, 2015

Case No.: 15-cv-02633 (JSR)
ECF Case

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __13th__ day of May 2015 by using the CM/ECF system and that a copy will be sent via transmission of Notices of Electronic Filing generated by CM/ECF to: **Anthony Varbero, Esq.**, *Counsel for Plaintiffs*, Joseph Mure, Jr. & Associates, 26 Court Street, Suite 2601, Brooklyn, NY 11242, Email: anthonyvarbero@gmail.com.

*/s/ Scott L. Silver*
SCOTT L. SILVER