**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No.: 15-cv-02633 (JSR)
ECF CASE

ANASTASIOS P. BELESIS, and
JOSEPH LOUIS CASTELLANO,
    Plaintiffs,

v.

MATTHEW LOWERY,
    Defendant.
_____/

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTHEW LOWERY'S MOTION FOR SANCTIONS UNDER RULE 11**

---

        Respectfully submitted,

        SCOTT L. SILVER, ESQ.
        E-mail: SSilver@silverlaw.com
        **SILVER LAW GROUP**
        14 Wall Street, 20th Floor
        Telephone:    (212) 618-1622

        *Counsel for Defendant, Matthew Lowery*

Case No.: 15-cv-02633 (JSR)
ECF Case

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

    The Request to Withdraw the Complaint ...................................................................... 3

LEGAL STANDARD.,........................................................................................................... 3

ARGUMENT ............................................................................................................................ 6

I.    Rule 11 Sanctions Are Appropriate As Against Plaintiffs' Counsel ........................... 7

    A.    Plaintiffs' Counsel Did Not Conduct a Reasonable Inquiry
          Before Filing the Complaint ................................................................................ 7

    B.    Plaintiffs' Counsel Filed The Complaint against Mr. Lowery
          For An Improper Purpose ..................................................................................... 9

II.    Plaintiffs' Complaint Warrants Monetary Sanctions .................................................. 9

III.    Plaintiffs' Counsel is Liable for Plaintiffs' Fed. R. Civ. P. 11 Violations ................. 10

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**  **PAGE(S)**

*Association of Holocaust Victims for Restitution of Artwork & Masterpieces v.*
   *Bank of Austria Credianstalt AG.*, No. 04 Civ. 3600 (SWK),
   2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005)..........................................................11

*Big Rapids Mall Assoc. v. Mutual Trust Life Insurance Co.*, 98 F.3d 926 (6th Cir. 1996)...6

*Eastway Construction Corp. v. City of New York*, 762 F.2d 242 (2d. Cir. 1985).................4

*Goldman Sachs Execution & Clearing, L.P. v.*
   *Official Unsecured Creditors' Comm. of Bayou Grp., LLC*,
   758 F. Supp. 2d 222 (S.D.N.Y. 2010)..........................................................................7

*Healy v. Chelsea Res Ltd.*, 947 F.2d 611 (2d. Cir. 1986)......................................................4

*Kamen v. AT&T*, 791 F.2d 1006 (2d. Cir. 1986).................................................................4

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253 (2d. Cir. 1992).....................4

*Mac Truong v. Hung Thi Nguyen*, 10 CIV. 386 DAB,
   2013 WL 4505190 at *5 (S.D.N.Y. 2013).................................................................10

*Norris v. Grosvenor Marketing, Ltd.*, 803 F.2d 1281 (2d. Cir. 1986)..................................6

*O'Brien v. Alexander*, 101 F.3d 1479 (2d. Cir. 1996)..........................................................5

*Plount v. American Home Assurance Co., Inc.*, 668 F. Supp. 204 (S.D.N.Y. 1987).............10

*Rai v. Barclays Capital, Inc.*, 739 F.Supp.2d at 372............................................................6

*Staples, Inc. v. W.J.R. Associates*, 04 CV 904 (SJ (KAM),
   2008 WL 5133721 (E.D.N.Y. Mar. 20, 2008)..........................................................6

*Stolt-Neilsen SA v. Animal Feeds Intern, Corp.*,
   548 F.3d 85 (2d. Cir. 2008)........................................................................................6

*Sussman v. Bank of Israel*, 56 F.3d 450 (2d. Cir. 1995)......................................................8

*United States v. International Brotherhood of Teamsters*,
   708 F.Supp. 1388 (S.D.N.Y. 1989)………................................................................10

*Wallace v. Buttar*, 378 F.3d 182, 189 (2d. Cir. 2004)………..........................................6, 8

*W.K. Webster & Co, v. American President Lines, Ltd.*, 32 F.3d 665 (2d. Cir. 1994)..........5

**R**ULES

Fed. R. Civ. P. 11................................................................................................................ 1

Counsel for defendant Matthew Lowery respectfully submits this memorandum of law in support of Mr. Lowery's motion, pursuant to Federal Rule of Civil Procedure ("Rule") 11(c)(1) and 11(c)(2), for sanctions against Joseph Mure, Jr. & Associates and Anthony Varbero, Esq. (collectively, "Plaintiffs' Counsel").

## PRELIMINARY STATEMENT

On April 3, 2015, Plaintiffs' Counsel signed and filed in this Court a complaint spanning 18 pages and 71 paragraphs (the "Complaint") against Mr. Lowery seeking to vacate a FINRA arbitration award ("Award") Mr. Lowery received against Mr. Belesis and Mr. Castellano ("Plaintiffs"). The Complaint reeks of a hail mary pass to vacate an Award against the operators of an alleged boiler-room who failed to meaningfully participate in the arbitration by refusing to comply with multiple panel orders regarding discovery, failing to submit pre-hearing or post-hearing briefs requested by the Panel and offering no documents or witnesses at the final hearing other than Mr. Castellano.  Plaintiffs' Counsel has filed a broad Complaint with unsupported facts, including personal attacks on opposing counsel, the arbitrators and the Plaintiffs' previous counsel. We have asked that the complaint against Mr. Lowery be withdrawn, but Plaintiffs' Counsel has refused.

Mr. Lowery brought a FINRA arbitration claim against John Thomas Financial and the Plaintiffs after losing approximately $500,000.00.  The Statement of Claim did not pull any punches and opened with the following preliminary statement:

> This is one of those rare cases were life imitates a Hollywood movie.  Respondent John Thomas Financial, under the guidance of its flamboyant founder, Respondent Anastasios P. Belesis, modeled itself and the culture for its financial advisors after the infamous investment firm depicted in the movie Boiler Room. Financial advisors at John Thomas Financial worked the phones the majority of the day by cold-calling prospects, delivering lines from memorized scripts, and using high pressure and aggressive sales practices to convince the prospective investor to invest in Respondent John Thomas Financial's "hot stock" of the day

or "hot" private placement.  As it turns out, a customer's purchase of Respondents' investment *de jour* often benefited Respondents more than their customer.

As a result of a cold call and of this unbalanced, aggressive and high pressure sales tactics, Claimant agreed to entrust some of his money to Respondents.  Mr. Lowery entrusted his money to Respondents based on the representations that they possess the expertise and ability to research the positions being recommended.  With money in hand, Respondents engaged in an unsuitable investment strategy that resulted in unnecessary losses to Mr. Lowery.

During the course of the arbitration, Plaintiffs appeared and defended themselves but were ultimately sanctioned for, amongst other things, refusing to produce any discovery.  The Award granted Mr. Lowery, in part, $500,000.00 in compensatory damages and $750,000.00 in punitive damages.  Plaintiffs now appear in this Court claiming they are victims and asking this Court to set aside the Award by claiming multiple wrongs.  The Complaint advances numerous theories of law which are not only erroneous, but were never advanced during the arbitration.  Accordingly, it is impossible that the Panel to have acted in manifest disregard of the law.  Any reasonable investigation of the facts and/or the law bears only one possible conclusion.  This Motion to Vacate is frivolous because Plaintiffs' allegations are demonstrably false and no law suggests that a Motion to Vacate should be granted under these facts or the law.

Plaintiffs' counsel's investigation into this matter prior to filing is suspect at best.  The Complaint alleges the "transcript is void of any evidence."  (Complaint at ¶41).  This implies Plaintiffs' Counsel has actually received and reviewed the transcript.  However, the Complaint alleges at the final hearing, "Claimant appeared with no opposition." (Complaint at ¶24).  This is one egregious example of multiple gross misrepresentations of fact because Plaintiffs actually had counsel appear on the December 2, 2014 final hearing call.  Plaintiffs subsequently chose to not submit any post-hearing brief even though the Panel sought additional authorities for an award of punitive damages.  Plaintiffs now vaguely allege the Panel somehow acted improperly

Case 1:15-cv-02633-JSR   Document 11   Filed 05/28/15   Page 7 of 16

Case No.: 15-cv-02633 (JSR)
ECF Case

by awarding punitive damages despite foregoing the opportunity to challenge an award of punitive damages.

### The Request To Withdraw The Complaint

Upon receipt of the Complaint, counsel for Mr. Lowery reviewed the legal standards for the claims against Mr. Lowery. As we represented Mr. Lowery in the underlying arbitration, we knew the Award has been properly procured and the Panel, if it could be accused of anything, had given the Plaintiffs multiple opportunities to cure their prior actions and participate in the discovery phase of the case. It would be impossible for Plaintiffs' Counsel to have had any factual basis for the allegations made in the Complaint. Accordingly, by letter dated April 30, 2015 (the "April 30th Letter"), which included this Memorandum of Law, we explained to Plaintiffs' Counsel that the Complaint was frivolous and requested it be withdrawn.

We called attention to the fact that there were multiple factual misrepresentations in the Complaint, the high burden to vacate an arbitration award and the relevant case law. We identified multiple factual and legal deficiencies in the allegations against Mr. Lowery, requested that the Complaint be withdrawn, and cautioned that if the Complaint was not withdrawn, sanctions would be sought. See SLS Decl., Ex. A.

Pursuant to Rule 11(c)(2), we explained to Plaintiffs' Counsel that if it has not withdrawn the Complaint against Mr. Lowery within the 21-day safe harbor period afforded by Rule 11, counsel for Mr. Lowery will file the instant motion.

### LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions upon an attorney who violates its terms. See Fed. R. Civ. P. 11 (c). Because the purpose underlying Rule 11 sanctions is to deter attorneys from filing frivolous actions, a court may

direct a violating party to pay monetary sanctions to compensate the opposing party's attorneys' fees and other expenses incurred as a result of the misconduct. See Fed. R. Civ. P. 11 (c)(2).

Pursuant to Rule 11, by presenting to the court a pleading, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims. . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishment of new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the. . . factual contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 authorizes the Court to impose sanctions upon an attorney who violates its terms. See Fed. R. Civ. P. 11(c)(1). Sanctions should be imposed only "where it is patently clear that a claim has absolutely no chance of success." *Healy v. Chelsea Res Ltd.*, 947 F.2d 611, 626 (2d. Cir. 1991) (internal quotations and citations omitted).

In determining whether a Rule 11 violation has occurred, the Court should apply "an objective standard of reasonableness." *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d. Cir. 1992) (internal quotations and citation omitted). The reasonableness of the attorney's conduct should be determined without the benefit of hindsight, based on what was objectively reasonable to believe at the time of the pleading, motion or other paper submitted. *See Kamen v. AT&T, 791 F.2d 1006*, 1011-12 (2d. Cir. 1986). Therefore, ". . . what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the

pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar." Id., at 1012.  In the instant matter, the underlying record was not voluminous and easily revealed multiple factual errors in the Complaint.

Rule 11 imposes a duty on the signer of a pleading to inquire into its legal and factual basis before signing it, regardless of whether, in signing the pleading, the signer acted in good faith and/or was unaware of the meritless nature of an argument or claim. See *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), cert. denied, 484 U.S. 918 (1987) ("No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim. . .. Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it was signed. Simply put, subjective good faith no longer provides the safe haven it once did."). Thus, Rule 11 "authorizes the imposition of sanctions upon a finding that a factual allegation has no evidentiary support, unless there was a specific disclaimer that additional factual investigation was necessary." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d. Cir. 1996). The business and legal sophistication of an attorney's clients should be taken into account in determining whether or not the attorneys have conducted a reasonable inquiry.

Not only the signing attorney, but also his or her law firm is responsible for Rule 11 violations. See Fed. R. Civ. P. 11(c)(1)(a) ("Absent exceptional circumstances, a law firm must be held jointly responsible for violations committed by its partner, associate, or employee").

## **ARGUMENT**

A pleading, motion or other paper violates Rule 11 either when it "has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law ..." *W.K Webster & Co, v. American President Lines, Ltd.*, 32 F.3d 665, 670 (2d. Cir. 1994) (internal citations and quotations omitted). Here, sanctions are warranted on both grounds. First, Plaintiffs' Counsel did not come close to conducting a reasonable inquiry into the law and facts with respect to Mr. Lowery before filing the Complaint. As a result, the allegations against Mr. Lowery are factually groundless, conclusory and legally frivolous with no chance of success. Second, in the absence of any legal and factual basis to vacate the award, it follows that such claims were brought for an improper purpose.

Respondents frivolously argue that the Arbitration Panel engaged in misconduct by manifestly disregarding the law in their determination of: 1) control person liability; 2) respondeat superior; and 3) punitive damages. A Court's review of an award under the manifest disregard of the law doctrine is severely limited, highly differential to the award, and appropriate only in cases of egregious impropriety on the part of the arbitrators. *Rai v. Barclays Capital, Inc.*, 739 F.Supp.2d at 372; *see also Stolt-Neilsen SA v. Animal Feeds Intern, Corp.*, 548 F.3d 85, 95 (2d Cir. 2008); *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). In establishing manifest disregard of the law, the Court must find that "the arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Stolt-Neilsen S.A. v. Animal Feeds Intern, Corp.*, 548 F.3d at 95. Further, the losing party may not obtain a review of the award's merits by means of a motion to vacate the judgment, as:

> Courts are not to usurp those functions which collective-bargaining contracts have properly 'entrusted to the arbitration tribunal.' They should not undertake to review the merits of arbitration awards but should defer to the tribunal chosen by the parties finally to settle their disputes. Otherwise, 'plenary review by a court of the merits would make meaningless the provisions that the arbitrators' decision is final, for in reality it would almost never be final.'

*Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 544, 562-563 (1976) (internal citations omitted) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599 (1960)). In other words, the court has repeatedly stated that manifest disregard of the law is not a means through which a party may re-litigate claims already decided through the arbitration.

### I.  Rule 11 Sanctions Are Appropriate As Against Plaintiffs' Counsel

#### A. Plaintiffs' Counsel Did Not Conduct A Reasonable Inquiry Before Filing The Complaint

The Circuit has held that sanctions under Rule 11 should be awarded "when a competent attorney could not have formed a belief after reasonable inquiry that the claims were warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."[1] *Norris v. Grosvenor Marketing, Ltd.*, 803 F.2d 1281, 1288 (2d. Cir. 1986) (emphasis in original) (internal quotations and citations omitted); *Staples, Inc. v. Associates*, 04 CV 904 (SJ) (KAM), 2008 WL 5133721, *1 (E.D.N.Y. Mar. 30, 2008) (same).

Here, Rule 11 sanctions are appropriate because, after conducting a reasonable inquiry, it would not have been possible for Plaintiffs' Counsel to have formed a reasonable belief that grounds exist to vacate the Award.[2]

---

[1] The Complaint does not advance any argument for the extension, modification, or reversal of existing law.

[2] This is especially true, given the high level of legal sophistication of Plaintiffs' Counsel whose website claims they specialize in this area of law. *See also Big Rapids Mall Assoc. v. Mutual Trust Life Insurance Co.*, 98 F.3d 926, 931 (6th Cir., 1996) ("In determining whether an attorney had or had not conducted a reasonable inquiry, a court should undoubtedly consider a variety of pre-filing factors [including]... the business (and legal) sophistication of the clients and the attorneys.").

In *Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditors' Comm. of Bayou Grp., LLC*, 758 F. Supp. 2d 222 (S.D.N.Y. 2010), this Court properly found:

> As a practical matter, the putative survival of the manifest disregard standard will be of little solace to those parties, who, having willingly chosen to submit to inarticulated arbitration, are mystified by the result; for a party seeking vacatur on the basis of manifest disregard of the law "must clear a high hurdle," *Stolt-Nielsen*, 130 S. Ct. at 1767. Indeed, vacatur on this basis can succeed only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Conversely, the award must be enforced "if there is a barely colorable justification for the outcome reached." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2005) (quotation mark and citation omitted). Moreover, the facts of record must be construed most favorably to the prevailing party and the arbitration panel's implicit factual findings are not subject to any whatsoever. *Id*. At 193.
>
> In determining whether a petitioner has carried this exceedingly heavy burden for invoking the doctrine of manifest disregard, the Second Circuit has recognized three facts a district court must consider. First, the court must determine "whether the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators." *Duferco*, 333 F.3d at 390. Second, if the law if clear and plainly applicable, the court must find that the law "was in fact improperly applied, leading to an erroneous outcome." *Id*. Finally, the court must look to a "subjective element, that is, the knowledge actually possessed by the arbitrators. In order to intentionally disregard the law, the arbitrator must have known of its existence, and its applicability to the problem before him." *Id*. Thus, the award must be upheld unless the arbitration panel intentionally and erroneously disregarded a clear and plainly applicable law. This is to be determined, moreover, by reference to a record where the arbitration panel typically, as here, states neither its findings of fact nor its conclusion of law.

*Id.* at 225-226.

As Respondents failed to offer any pre or post-hearing briefs, no possible argument can exist that the Panel knowingly ignored any law in their favor. The primary allegation against Plaintiffs is they operated a boiler-room. Plaintiffs' disingenuous argument that they cannot be liable under any set of facts is laughable.

### B. Plaintiffs' Counsel Filed The Complaint Against Mr. Lowery For An Improper Purpose

In addition, the Court should also impose sanctions on the Plaintiffs' Counsel for filing the Complaint against Mr. Lowery for an improper purpose. Fed. R. Civ. P. 11(b)(1). An improper purpose can be inferred from the complete lack of a factual and legal basis for bringing a claim. *Sussman v. Bank of Israel*, 56 F.3d 450, 458 (2d Cir. 1995). Specifically, in determining whether a filing was made with an improper purpose, "the court is not to delve into the attorney's subjective intent in filing the paper, but rather should assess should such objective factors as: whether particular papers or proceedings caused delay that was unnecessary, whether they caused increase in the cost of litigation that was needless, or whether they lacked any apparent legitimate purpose. Findings on these points would suffice to support an inference of improper purpose. The Court can make such findings guided by its experience in litigation, its knowledge of the standards of the bar of the court, and its familiarity with the case before it, and by reference to the relevant criteria under the Federal Rules such as those in Rule 1 and Rule 26(b)(1)." Id. (internal quotations and citations omitted).

Here, several factors strongly suggest that Plaintiffs' Counsel filed the allegations against Mr. Lowery for an improper purpose and to delay enforcement of a judgment.

### II. Plaintiffs' Complaint Warrants Monetary Sanctions

Rule 11 (c)(4) sets forth the types and amounts of sanctions that the Court may impose: "A sanction imposed under this rule must be limited to what suffices to deter repetition of conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ.

P. 11(c)(4); *see also Weintraub*, 419 F.Supp.2d at 519 (awarding full attorney's fees as a sanction for filing a complaint with multiple frivolous claims for relief). In addition, pursuant to Rule 11(c)(2), the Court may award "the reasonable expenses, including attorney's fees, incurred for [a] motion [filed pursuant to Rule 11(c)(2)]."

Plaintiffs' Counsel are responsible for burdening the Court with frivolous claims against Mr. Lowery, requiring the expenditure of fees for defending it.  Plaintiff's Counsel were given repeated opportunities to correct the error of bringing this Complaint, but instead chose to become even more belligerent. To deter such frivolous filings, they should be sanctioned for the cost resulting from these groundless allegations. *See Association of Holocaust Victims for Restitution or Artwork & Masterpieces*, 2005 WL 3099592, at *7 ("A reasonable accurate measure of harm [a plaintiff] has done is what he has cost his opponent. This is not an unreasonable method to deter spurious suits and wasteful trial tactics.").

### III.     Plaintiffs' Counsel is Liable for Plaintiffs' Fed. R. Civ. P. 11 Violations

Rule 11 specifies that "Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associated, and employees." Fed. R. Civ. P. 11 (c)(1)(A).  Here, no such exception exists and Plaintiffs' Counsel is jointly responsible for Rule 11 violations perpetrated by Plaintiffs.  Additionally, an attorney's experience may be a factor for the purpose of Rule 11 sanctions. *See e.g.*, *Mac Truong v. Hung Thi Nguyen*, 10 CIV. 386 DAB, 2013 WL 4505190 at *5 (S.D.N.Y. 2013).

Here, the arguments in the Motions were drafted by Varbero, an experienced litigator who practice is focused on FINRA arbitration and regulatory matters.[3]  Additionally, prior to

---

[3] Attorney Profile – Anthony C. Varbero – Joseph Mure, Jr. & Associates, available at <http://joemurejrlaw.com/service/anthony-c-varbero-esq/>, and attached as Ex. B to the SLS Decl.

Case No.: 15-cv-02633 (JSR)<br>ECF Case

becoming a lawyer, Mr. Varbero was a Branch Manager of a FINRA and NYSE member firm. As such, Plaintiffs' Counsel knew or should have known that FINRA arbitrators have great leeway to decide which evidence they want to hear and are not required to call witnesses or make legal arguments *sua sponte*. Furthermore, Varbero should have known the high legal standard required for the relief sought through the Motions. As such, Varbero's proffered expertise with FINRA arbitration only magnifies the severity of Plaintiffs' Counsel's sanctionable conduct.

## CONCLUSION

For the foregoing reasons, the Court should award Mr. Lowery his attorney's fees and costs under Rule 11, and should require that the offending Complaint be withdrawn against Mr. Lowery.

Respectfully submitted,

**SILVER LAW GROUP**
*Counsel for Defendant*
14 Wall Street, 20th Floor
New York, New York 10005
Telephone:    (212) 618-1622


By:  */s/ Scott L. Silver*
         SCOTT L. SILVER
         New York Bar No. 2829968
         E-mail:  SSilver@silverlaw.com

Dated:   May 26, 2015

Case No.: 15-cv-02633 (JSR)<br>ECF Case

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 26th day of May 2015 by using the CM/ECF system and that a copy will be sent via transmission of Notices of Electronic Filing generated by CM/ECF to: **Anthony Varbero, Esq.**, *Counsel for Plaintiffs*, Joseph Mure, Jr. & Associates, 26 Court Street, Suite 2601, Brooklyn, NY 11242, Email: anthonyvarbero@gmail.com .

                                                   */s/ Scott L. Silver*
                                                      SCOTT L. SILVER