UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANASTASIOS P. BELESIS and  :
JOSEPH LOUIS CASTELLANO,   :  Case No.: 15-cv-02633
:
                  Plaintiffs, :
:
    -against-   :  **DECLARATION IN OPPPOSITION**
:
MATTHEW LOWERY,   :
:
                  Defendant.  :
----------------------------------------------------------x

STATE OF NEW YORK   ]
                    ]SS.:
COUNTY OF NEW YORK ]

      **MICHAEL F. SCHWARTZ**, an attorney admitted to practice law before this Court, declares that the statements made herein are true under the penalty of perjury:

      1.    I am the attorney of record for Plaintiff Anastasios Belesis and as such I am familiar with the facts and circumstances surrounding this matter. I submit this declaration in opposition to Defendant's motion for judgment pursuant to FRCP 60(a).

      2.    Initially, said Plaintiff was opposed to the motion based upon his belief that Rule 60(a) was not applicable to this case because the term "clerical error" applies to "an error made by a clerk in transcribing or otherwise". *Marsch v. Nichols, Shepherd & Co.*, 128 U.S. 605, 615, 9 S.Ct. 168 [1888], and not to the claim being made herein.

      3.    Further, said Plaintiff contends that the relief is not available under Rule 60(b) because Defendant's application for the relief sought herein was not made within one year. In fact, Defendant is seeking to correct a determination made by this Court more than 17 months after Judgment was entered. *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384 [1949].

4.      Further, said Plaintiff contends that the relief sought is entirely unnecessary in that Defendant has commenced collection efforts in accordance with the Judgment already entered herein.

5.      Your declarant however, notes the District Court's ruling in *Merry Queen Transfer Corp. v. O'Rourke*, 266 F.Supp. 605, 607 [E.D.N.Y. 1967], a case involving the failure to include interest in a judgment wherein Judge Bartels noted:

> The term 'clerical mistake' does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.

> The Court concludes that interest in this case was a matter of right and the failure to include the same in the judgment was a clerical mistake arising from an omission which under Rule 60(a) 'may be corrected by the court at any time of its own initiative or on the motion of any party * * *.' *Rigopoulos v. Kervan*, S.D.N.Y. 1943, 53 F.Supp. 829.

6.      Your declarant has reviewed the award made by the FINRA panel and concurs with the sums ascribed thereto by Defendant in its motion herein. Accordingly, said Plaintiff withdraws its opposition to Defendant's motion for a supplemental judgment pursuant to FRCP 60(a).

Dated: New York, New York
       January 11, 2017

_____
Michael F. Schwartz, Esq. (7711)